JS-6

MICHAEL H. WEISS (State Bar No. 110148)
mweiss@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

JAMES B. BALDINGER (Florida Bar No. 869899)
jbaldinger@carltonfields.com
(admitted pro hac vice)
STACEY K. SUTTON (Florida Bar No. 0289530)
ssutton@carltonfields.com
(admitted pro hac vice)
DAVID B. ESAU (Florida Bar No. 0650331)
desau@carltonfields.com
(admitted pro hac vice)
CARLTON FIELDS, P.A.
525 Okeechobee Blvd., Suite 1200, P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368

Attorneys for Plaintiff
T-Mobile USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation<br><br>              Plaintiff,<br><br>v.<br><br>DELTA GAMES, INC.; MOHAMAD FARHAT; HASSAN MATAR; and DOES 1-10,<br><br>              Defendants. | Case No. 08-cv-01110-SGL (Ex)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DELTA GAMES, INC., MOHAMAD FARHAT, AND HASSAN MATAR** |

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants Delta Games, Inc., Mohamad Farhat, and Hassan

14856354.1

1

1  Matar ("Defendants") asserting that Defendants are engaged in an unlawful
2  enterprise involving the acquisition, sale, and alteration of large quantities of T-
3  Mobile prepaid wireless telephones ("T-Mobile Prepaid Handsets" or "Handsets")
4  and SIM cards that causes substantial and irreparable harm to T-Mobile (the
5  "Subsidy Theft Scheme").

6      Defendants perpetrate the Subsidy Theft Scheme by acquiring bulk
7  quantities of T-Mobile Prepaid Handsets, which include T-Mobile SIM cards,
8  from retail stores, such as Wal-Mart or Target. Defendants solicit others to
9  purchase T-Mobile Prepaid Handsets and SIM cards in bulk for their own benefit.
10 Defendants acquire the T-Mobile Prepaid Handsets with the actual or constructive
11 knowledge and intent that they will not be activated for use on the T-Mobile
12 prepaid wireless network and that the Handsets will be computer-hacked. The
13 purpose of this hacking, known as "unlocking," is to erase, remove and/or disable
14 proprietary software installed in the Handset, which enables the use of the T-
15 Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system. The
16 unlocked Handsets are then trafficked and resold overseas, at a premium, under
17 the T-Mobile trademarks for unauthorized use outside of Plaintiff's prepaid
18 wireless system and the SIM cards that come with the Handsets are illicitly sold
19 and/or fraudulently activated to appropriate airtime.

20     T-Mobile Prepaid Handsets are sold subject to terms and conditions
21 ("Terms and Conditions") which conspicuously restrict and limit the sale and use
22 of the T-Mobile Prepaid Handsets. These Terms and Conditions are set forth in
23 printed inserts that are included in the packaging with every T-Mobile Prepaid
24 Handset, and are also available to the public on T-Mobile's website. The Terms
25 and Conditions are referenced in printed warnings that are placed on the outside of
26 the retail packaging of the Handsets. The Terms and Conditions and language on
27 the packaging constitute a valid binding contract.

28

14856354.1

1   Pursuant to the Terms and Conditions and the language on the packaging,
2   purchasers of T-Mobile Prepaid Handsets agree, among other things: not to use the
3   Handsets for a fraudulent purpose that "negatively impact[s] [T-Mobile's]
4   customers, employees, business, ability to provide quality service, [and]
5   reputation." T-Mobile Terms and Conditions, ¶ 7.

6   As a result of the Subsidy Theft Scheme, T-Mobile has asserted claims
7   against Defendants for breach of contract; federal trademark infringement and
8   false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition
9   under California common law; contributory trademark infringement; tortious
10   interference with business relationships and prospective advantage; harm to T-
11   Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment;
12   and conspiracy to induce a breach of contract.

13   The Court, having reviewed the Complaint and file and being otherwise
14   duly advised in the premises, it is hereby:

15   **ORDERED, ADJUDGED** and **DECREED** that:

16   1.   This Court has jurisdiction over all the parties and all of the claims set
17   forth in T-Mobile's Complaint.

18   2.   The Court finds that T-Mobile has the right to use and enforce said
19   rights in the standard character mark T-Mobile and a stylized T-Mobile Mark
20   (collectively, the "T-Mobile Marks"), as depicted below:

21
22   **T · ·Mobile·**

23   T-Mobile uses the T-Mobile Marks on and in connection with its
24   telecommunications products and services.  Defendants' use of the T-Mobile
25   Marks without authorization in connection with the Subsidy Theft Scheme has
26   caused, and will further cause, a likelihood of confusion, mistake and deception as
27   to the source of origin of the counterfeit products, and the relationship between T-
28   Mobile and Defendants.  Defendants' activities constitute false designation of

14856354.1                                    3

1    origin, false descriptions and representations, and false advertising in commerce in
2    violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).
3    Defendants knew or should have known that T-Mobile is the exclusive licensee of
4    the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile
5    Marks on infringing products.

6        3.      The Court finds that the Terms and Conditions and the language on
7    the packaging constitute a valid binding contract enforceable against Defendants.
8    The Court finds that facilitating others to use T-Mobile Prepaid Handsets in
9    conjunction with service providers other than T-Mobile; tampering with or
10   altering T-Mobile Prepaid Handsets, SIM cards and/or the Handsets' software;
11   and/or entering unauthorized PIN numbers in the Handsets for purposes of
12   unlocking the Handsets or facilitating others in such acts, constitute independent
13   breaches of contract for which T-Mobile is entitled to relief.

14       4.      The Court finds that the conduct set forth in the Complaint
15   constitutes violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark
16   infringement and false advertising), and Cal. Bus. & Prof. Code. § 17200, et seq.
17   (California unfair competition).   The Court further finds that the conduct
18   constitutes contributory trademark infringement; tortious interference with
19   business relationships and prospective advantage; harm to T-Mobile's goodwill
20   and business reputation; civil conspiracy; unjust enrichment; and conspiracy to
21   induce a breach of contract, and has caused substantial and irreparable harm to T-
22   Mobile, and will continue to cause substantial and irreparable harm to T-Mobile
23   unless enjoined.

24       5.      T-Mobile has suffered damages, including loss of goodwill and
25   damage to its reputation, as a result of Defendants' alleged conduct.  T-Mobile is
26   entitled to injunctive relief on the claims set forth in the Complaint.

27       6.      Final judgment is hereby entered, jointly and severally, against
28   Defendants Delta Games, Inc. and Mohamad Farhat and in favor of the Plaintiff,

14856354.1                          4

T-Mobile USA, Inc., on all of the claims set forth in T-Mobile's Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), for which let execution issue forthwith.

7.     Defendants Delta Games, Inc., Mohamad Farhat, and Hassan Matar, and each and all of their past, future, and present respective officers, directors, successors, predecessors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, attorneys, accountants, investigators, consultants, heirs, personal representatives, beneficiaries, relatives, independent contractors, and all other persons or entities acting or purporting to act for him/it or on his/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile Prepaid Handsets or "Activation Materials," which consist of SIM Cards, PIN numbers, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with a new activation;

    b. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile mobile device or Activation Materials that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the

future (collectively the "T-Mobile Handsets"). Specifically, Defendants are enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of T-Mobile Prepaid Handsets and SIMS cards currently offered for sale by T-Mobile or that may be offered for sale in the future, as listed and updated from time to time on T-Mobile's website: http://www.t-mobile.com, regardless of whether such devices are, new or used, whether in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

c. unlocking of any T-Mobile Handset;

d. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Prepaid Handset;

e. supplying T-Mobile Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets;

f. supplying T-Mobile Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of locked or unlocked T-Mobile Handsets or SIM cards; and

g. knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written authorization.

8.     The purchase, sale or shipment of any T-Mobile Handsets or SIM cards without T-Mobile's prior written consent within and/or outside of the continental United States and/or the sale of Activation Materials is and shall be deemed a presumptive violation of this permanent injunction.

9.     The address of Delta Games, Inc. is 7803 Telegraph Road, Suite J, Montebello, California 90640

10.     The address of Mohamad Farhat is 83256 Plaza De Oro, Coachella, California 92236.

11.     The address of Hassan Matar is 7020 Prospect Avenue, Bell, California 90201.

12.     The address of Plaintiff, T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington 98006.

13.     Defendants waive their right of appeal from the entry of this Final Judgment.

14.     The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to T-Mobile in an amount of $5,000 for each T-Mobile prepaid handset or item of Activation Material that Defendants are found to have purchased, sold, or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event a Defendant violates the terms of this Order. The Court also retains jurisdiction over this matter and the parties to this action to enforce the terms of the parties' settlement agreement and to award damages in Plaintiff's favor against Defendant Hassan Matar.

15.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

14856354.1

7

1    DONE AND ORDERED in Chambers this 13th day of May                    ,

2   2009.

3

4   _____
                 JUDGE, UNITED STATES DISTRICT COURT
5

6   Copies furnished to:

7
    All Counsel of Record and pro se parties
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14856354.1                              8